IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY P. CATANZARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-922 |
| | ) | |
| MICHAEL D. COLLINS, ESQ., JUDGE JAMES M. MCCLURE, sued in his individual and official capacities, JUDGE JAMES M. MUNLEY, sued in his individual and official capacities, PATRICK ROSEN, ESQ., and DOES 1 THROUGH 25, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>ORDER OF COURT</u>

Presently before the Court are *pro se* Plaintiff Anthony P. Catanzaro's "Motion Under 28 U.S.C. § 1915(d) for Court to Request an Attorney to Represent Plaintiff in this Action" (Docket No. 37), his "Brief in Support of Motion Under 28 U.S.C. § 1915(d) Filed 2-1-10" (Docket No. 43) and his motion to stay proceedings (Docket No. 50), wherein he requests that this Court stay all proceedings until a ruling is issued on his motion to appoint counsel. Upon consideration of the Plaintiff's motions, it is hereby ORDERED that Plaintiff's motion to appoint counsel [37] is DENIED and his motion to stay [50] is DENIED, as moot. In so holding, the Court notes the following.

A *pro se* civil litigant does not have a constitutional right to the appointment of counsel, however, in proceedings in forma pauperis, "[t]he court <u>may</u> request an attorney to represent any person unable to afford

1

counsel." 28 U.S.C. § 1915(e)(1)(emphasis added).[1] This appointment is discretionary and may be made at any stage of the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)(citing *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993)). The district court must first determine if a plaintiff's claims "have some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron*, 6 F.3d at 157). If these questions are answered in the affirmative, the district court must then consider:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n. 5).

In this Court's estimation, Plaintiff has failed to make the threshold showing that his claims have some merit in fact and law. In his Amended Complaint, Plaintiff alleges primarily that the Defendants engaged in a conspiracy to violate various of his constitutional rights arising from actions allegedly undertaken between 1997-2000. (Docket No. 36). All of the Defendants have moved to dismiss these claims as barred by the statute of limitations. (Docket Nos. 42, 44, 45, 46, 48, 49). In

---

[1] The Court notes that 28 U.S.C. § 1915 was amended in 1996 and subsection (d), to which Plaintiff cites in his pleadings, was redesignated as subsection (e). There were no substantive changes made to the language of what is now subsection 1915(e)(1). Therefore, the Court will cite to the current version.

addition, two of the named Defendants in this action are federal judges, who have raised judicial immunity as a defense to suit. (Docket No. 44). Further, the two individual Defendants, Plaintiff's former counsel in two other matters, have both argued that they are not state actors and, thus, cannot be subject to suit under § 1983. (Docket Nos. 48, 49). Plaintiff has yet to formally respond to the Defendants' motions to dismiss, which present <u>strong</u> challenges to Plaintiff's claims, and he has only tangentially addressed the issues raised by Defendants in the present pleadings. Accordingly, Plaintiff has not demonstrated that his claims have some merit in fact and law, to date.

In light of this finding, the Court need not analyze the remainder of the *Tabron* factors set forth above. However, given that this action remains at the pleading stage, and that the appointment of counsel is discretionary and can be made at any stage of the litigation, the *Tabron* factors weigh against the appointment of counsel at this juncture.

As to the first factor, "the plaintiff's ability to present his or her own case," *Tabron*, 6 F.3d at 155-56, 157 n. 5, despite Plaintiff's many protestations about his ability to represent himself, he admits that he "<u>can 'copy' a complaint format</u> [sic] for purpose of filing same when his constitutional rights have been deprived or compromised," "can read the Rules of Federal Procedure and research some legal authorities in attempting to get beyond the initial stages of F.R.C.P., rule 12(b)(6)" (Docket No. 43 at 2). In addition, to date, Plaintiff has followed this Court's Rules, timely made all court filings in accordance with deadlines set by this Court, and, when needed, sought leave to extend the time period for court filings. Moreover, while Plaintiff is *pro se*, and his

3

allegations are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he is also an experienced *pro se* litigant and has filed multiple *pro se* actions in the United States District Court for the Middle District of Pennsylvania in addition to the present matter. *See e.g.*, *Catanzaro v. Judge John E. Jones, et al.,* Civil Action No. 05-1909-RFK; *Catanzaro v. Judge John Cottone*, *et al.*, Civil Action No. 05-712-RFK; *Catanzaro v. County of Lackawanna*, *et al.*, Civil Action No. 01-1865-JEJ. Further, Plaintiff's court filings are sufficiently drafted, enabling the Court to understand his allegations and arguments and evaluate them in light of the prevailing legal standards. Given Plaintiff's admission that he has the ability to present an opposition to the motions to dismiss, his demonstrated ability to follow this Court's Rules, and his prior experience as a *pro se* litigant, the first factor weighs against the appointment of counsel.

For the same reasons, and considering the allegations made by Plaintiff in his Amended Complaint and the defenses raised by the Defendants in their motions to dismiss, the legal issues in question at this juncture are not "complex," *Tabron*, 6 F.3d at 155-56, 157 n. 5, as is required under the second factor.

Further, three of the remaining factors, the ability to conduct a factual investigation, whether factual issues in the case will turn on the credibility of witnesses and the need for expert witnesses, *id.*, each relate to issues during discovery and/or a trial, while this case has not advanced past the pleading stage. Thus, each of these factors weigh against the appointment of counsel.

Finally, it appears that Plaintiff is indigent and thereby cannot

afford counsel, the only factor which weighs in his favor. Notwithstanding this finding, consideration of the *Tabron* factors weigh against appointment of counsel at this stage of the proceedings. *See Id.*

For these reasons, Plaintiff's motion to appoint counsel [37] is DENIED and his motion for a stay of these proceedings [50] is DENIED, as moot.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:     March 15, 2010

cc/ecf:    All counsel of record

cc:        Anthony P. Catanzaro
           Apartment 5-D, Veterans Dr.
           Dickson City, PA 18519
           (regular and certified mail)