# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY P. CATANZARO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL D. COLLINS, ESQ., JUDGE )<br>JAMES M. MCCLURE, sued in his )<br>individual and official capacities, JUDGE )<br>JAMES M. MUNLEY, sued in his individual)<br>and official capacities, PATRICK )<br>ROSEN, ESQ., and DOES 1 THROUGH )<br>5, )<br>Defendants. ) | Civil Action No. 09-922<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

I.  INTRODUCTION

This is a civil rights action in which *pro se* Plaintiff Anthony P. Catanzaro alleges that the Defendants, two members of the federal bench, the Honorable James M. Munley and the Honorable James F. McClure (the "Judicial Defendants"), and two members of the bar, Michael D. Collins, Esquire and Patrick Rogan, Esquire (the "Attorney Defendants"), conspired to violate his rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. (Docket No. 36). He seeks to enforce his constitutional rights through 42 U.S.C. §§ 1983, 1985 and 1988. (*Id.*). He also raises state law claims of intentional infliction of emotional distress against all of the Defendants and a legal malpractice claim against Collins. (*Id.*). Each of the Defendants has moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6). (Docket Nos. 42, 44, 45, 46, 48, 49). All of the Defendants contend that Plaintiff's claims are time-barred, and that he has

1

otherwise failed to state any claims for relief which are plausible on the face of his Amended Complaint. In addition, the Judicial Defendants argue that they are entitled to judicial immunity, while the Attorney Defendants argue that they are not state actors for purposes of section 1983. Plaintiff contends that his claims are timely, and that he has properly alleged a civil conspiracy action against the Defendants. (Docket No. 55). Upon consideration of the parties' submissions, and for the following reasons, Defendants' motions to dismiss [42], [44], [46] are granted, and all of Plaintiff's claims are dismissed, with prejudice.

II. FACTUAL BACKGROUND

  A. *Legal Standards Applicable to Pro Se Plaintiffs*

Plaintiff is proceeding *pro se*, therefore, the factual allegations in his Amended Complaint are liberally construed as he is held to a less stringent standard than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When considering a motion to dismiss under Rule 12(b)(6), this Court is required to accept a plaintiff's factual allegations as true, however, many of the lengthy and convoluted allegations in Plaintiff's Amended Complaint improperly consist of legal argument and conclusory factual and legal assertions which this Court need not credit. *See Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009). Mindful of this standard, the Court turns to the allegations in the Amended Complaint.

  B. *Factual Allegations in Plaintiff's Amended Complaint*

Plaintiff filed two civil rights actions in 1999 in the United States District Court for the Middle District of Pennsylvania at Docket Numbers CV-99-00874 ("874") and CV-99-00876 ("876"). (Docket No. 36 at ¶¶ 17, 21, 23). In these actions, Plaintiff alleged that his constitutional rights were violated by the County of Lackawanna, the District Attorney of said County, certain

police officers, and a number of other individuals, when he was subject to an alleged false arrest, prosecuted for indirect criminal contempt, convicted of same, and incarcerated in 1997. (*See generally* Docket No. 36, Civ. A. Nos. 99-874, 99-876).

At that time, Plaintiff was subject to two protection from abuse ("PFA") orders issued by Judge Eagan on April 10, 1997 and Judge Harhut on April 16, 1997 in the Lackawanna County Court of Common Pleas. (*Id*. at ¶ 23). Subsequently, the Plaintiff violated the PFAs and a warrant was issued for his arrest. (*Id*. at ¶ 20). A hearing was set for June 11, 1997 and Defendant Patrick Rogan, Esquire was appointed to represent him by Judge Harhut. (*Id*. at ¶¶ 21, 23, 25). At the conclusion of the hearing, Plaintiff was found guilty of indirect criminal contempt and received a nine-month jail sentence. (*Id*. at ¶ 25). He was dissatisfied with the representation of Defendant Rogan in the criminal proceedings because he received a jail sentence and due to Defendant Rogan's refusal and/or failure to file an appeal on his behalf. (*Id*. at ¶¶ 26-28).

Defendant Michael Collins, Esquire was then retained to represent Plaintiff in a civil rights action seeking money damages for the alleged constitutional violations stemming from his arrest and subsequent incarceration. (*Id*. at ¶¶ 23-25).

On June 1, 1999, Defendant Collins filed the '876 complaint on Plaintiff's behalf. (*Id*. at ¶ 23). This action was brought against the County of Lackwawanna, Assistant District Attorney Lance Fanucci, the City of Carbondale, Chief of Police Dominick Andidoro, Everett Abicht, District Attorney of Lackawanna County Michael Barrese, and Does 1-25. (*See* Civ. A. No. 99-876).

Plaintiff claims that Defendant Collins was opposed to adding Defendant Rogan as a defendant to this suit. (Docket No. 36 at ¶ 25). Yet, Plaintiff desired to add claims against Defendant Rogan based on his alleged refusal and/or failure to file an appeal on his behalf. As a result, Plaintiff

3

filed a separate complaint *pro se*, which is the '874 complaint. (*Id*. at ¶¶ 25, 29). The '874 action was brought against Carbondale Housing Authority, Thomas Ruddy, his wife, Josephine Catanzaro, Brian Cali, and Patrick Rogan, Esquire. (*See* Civ. A. No. 99-874).

Judge McClure presided over both of these civil actions. (Docket No. 36 at ¶¶ 30,31). In the *pro se* matter, Judge McClure immediately issued an order requiring the Plaintiff to show cause why the Court should not *sua sponte* dismiss the '874 action against Defendants for failure to state a claim upon which relief may be granted. (*Id*. at ¶ 30). Plaintiff responded to the Court's Show Cause Order and, on July 15, 1999, Judge McClure found that the case could proceed because Plaintiff had alleged sufficient facts to support a claim under §1983. (*Id*. at ¶ 31). The Defendants then moved to dismiss the '874 action under Rule 12(b)(6) and Judge McClure granted the Defendants' motions on March 8, 2000. (*Id*. at ¶ 33). Plaintiff claims that the order granting the Defendants' motions to dismiss the '874 action contradicted the July 15, 1999 Order. (*Id*. at ¶ 33).

Plaintiff and his nephew then met with Defendant Collins to discuss filing an appeal based on the alleged contradictory Order. (*Id*. at ¶¶ 35-36). Plaintiff alleges that Defendant Collins convinced him to forego an appeal to the United States Court of Appeals for the Third Circuit by agreeing to represent Plaintiff in the '874 action and to pursue reconsideration of Judge McClure's Order and a motion to amend Plaintiff's complaint. (*Id*. at ¶ 36). Plaintiff avers that Defendant Collins assured him that he would be granted his motion for leave to file an amended complaint because he was an attorney and that the Court would allow the amended complaint to be filed "due to his 'Collins' handling of the said action." (*Id*. at ¶ 37). Defendant Collins then entered his appearance and filed the motion to amend Plaintiff's Complaint on his behalf. Said motion however was denied by Judge McClure on July 26, 2000. (*Id*. at ¶ 39).

The Defendants in the '876 action filed Answers to Plaintiff's Complaint and then the parties filed cross motions for summary judgment. (Civ. A. No. 99-876). In an Order dated July 26, 2000, Judge McClure denied Plaintiff's motion for summary judgment and granted the Defendants' motions for summary judgment. (*Id.*).

Plaintiff appealed the adverse decisions in both cases to the United States Court of Appeals for the Third Circuit. Both decisions were affirmed by the Court of Appeals. *See Catanzaro v. Carbondale Housing Authority, et al.*, 262 F.3d 403 (3d. Cir. 2001)('874 action); *Catanzaro v. County of Lackawanna, et al.*, 262 F.3d 403 (3d Cir. 2001)('876 action). Later, Plaintiff's petition for writ of certiorari to the Supreme Court of the United States was denied. *See Catanzaro v. Carbondale Housing Authority*, 535 U.S. 935 (2002).

Several years after the disposition of the above described civil cases, on May 17, 2007, Plaintiff claims that he first became aware of a vast conspiracy against him. (Docket No. 36 at ¶¶ 11, 12). He avers that his nephew gave him a December 2006 article from "Happenings Magazine" which details certain personal information about Defendant Rogan, including the fact that he is married to Judge Munley's daughter.[1] (*Id.* at ¶¶ 11, 12, Exhibits A and B). Plaintiff believes that because of this relationship, a "direct link" existed between Defendant Rogan and Judge Munley, resulting in a conspiracy against him stemming from the events in 1997 and continuing through the disposition of his two civil rights actions in 2000. (*Id.* at ¶ 13). Plaintiff alleges that the Defendants conspired to "fix" the outcomes of the '874 and '876 actions outside of the courtroom in order to

---

[1] As discussed in section V.A. *infra*, Plaintiff makes no allegations that Judge Munley presided over his civil actions or had any other connection to the facts of this matter, except that Defendant Rogan is his son-in-law and he sits on the federal bench in the Middle District. (*See* Docket No. 36 at ¶¶ 7, 12-16, 44).

5

protect the reputation of Defendant Rogan given his role in the June 11, 1997 PFA hearing. (*Id*. at ¶ 21). He also claims that Defendant Collins "was an integral part of the conspiracy" because he "intentionally tanked" the '874 and '876 actions due to a suspected *quid pro quo* agreement in place with the other Defendants. (*Id*. at ¶ 41). Plaintiff believes that Defendant Collins intentionally provided ineffective assistance of counsel to him as part of the conspiracy in order to obtain a favorable outcome in another case in which Defendant Collins was involved, i.e., *Kathryn Lesoine v. County of Lackawanna*, *PA*, Docket No. 3:98-cv-00764-ARC (M.D.Pa. filed May 5, 1998). (*Id*. at ¶ 42). He contends that the Scranton/Times/Tribune reported that Defendant Collins secured an unreported settlement on behalf of Ms. Lesoine in that case. (*Id*.).

For further support, Plaintiff cites a portion of a newspaper article dated April 26, 2009 entitled "Culture of Corruption," which details criminal charges filed against Luzerne County judges. (*Id*. at 16). Plaintiff alleges that the article evidences that the entire judiciary in Northeast Pennsylvania is a "breeding ground" for corruption. (*Id*. at ¶ 45). He then further disparages the judiciary, alleging that multiple indictments have been filed against unnamed judges and that these judges have engaged in criminal conduct. (*Id*.).

In addition to the named Defendants, Plaintiff has also brought claims against "Does 1-5," whom he has not identified, but alleges that these individuals are co-conspirators. (*Id*. ¶ 10).

III. PROCEDURAL HISTORY

Plaintiff initiated this action by filing his Complaint and a motion to proceed *in forma pauperis* on May 15, 2009. (Docket Nos. 1, 2). This matter was then assigned to the undersigned by Chief Judge Anthony J. Sirica of the United States Court of Appeals for the Third Circuit on July 23, 2009. (Docket No. 4). The Court granted Plaintiff's motion for leave to proceed *in forma*

6

*pauperis* on July 29, 2009. (Docket No. 5). Upon Plaintiff's request, the Court ordered that service was to be made on the Defendants by the United States Marshal Service and said service was made. (Docket Nos. 7, 8).

Defendants Collins and Rogan filed answers to Plaintiff's Complaint, while the Judicial Defendants filed a motion to dismiss under Rule 12(b)(6). (Docket Nos. 17, 19, 20, 25). In response to the Judicial Defendants' motion, Plaintiff filed a motion to amend his complaint and a motion for appointment of counsel, wherein he requested forty-five (45) days within which to research the law and file a supporting memorandum. (Docket Nos. 30, 31). Upon consideration of these submissions, and given the Plaintiff's *pro se* status, the Court granted Plaintiff's motion to amend his complaint, denied his motion to appoint counsel, without prejudice, and denied the Judicial Defendants' motion to dismiss, without prejudice. (Docket No. 32).

The Court then held a telephone status conference with counsel and Plaintiff on January 4, 2010 during which the Court addressed the Plaintiff's claims against the "John Doe" Defendants, and other issues related to the case. (Docket No. 34). At that time, Plaintiff informed the Court that he had not yet identified any of the "John Doe" Defendants and that he did not know if he would add claims against "John Doe" Defendants in his Amended Complaint. (*Id.*).

Subsequently, Plaintiff filed his Amended Complaint and a second motion for appointment of counsel on February 1, 2010. (Docket No. 36, 37). Plaintiff included claims against the present defendants and Does 1-5. (Docket No. 36). After receiving an extension of time, he then filed his brief in support of his motion for appointment of counsel on March 1, 2010. (Docket Nos. 40, 41, 43). The Defendants each moved to dismiss Plaintiff's Amended Complaint and filed briefs in support of their motions. (Docket Nos. 42, 44, 45, 46, 48, 49).

Plaintiff did not file a response to any of the motions to dismiss. Instead, he filed a motion to stay on March 12, 2010, wherein he requested that the Court stay all proceedings until his motion for appointment of counsel was ruled upon. (Docket No. 50). Shortly thereafter, on March 15, 2010, the Court denied Plaintiff's motion to appoint counsel and denied his motion to stay, as moot. (Docket No. 51). Plaintiff sought reconsideration of this decision, which the Court also denied on March 29, 2010. (Docket No. 53). In addition, as Plaintiff had failed to file any responses to the motions to dismiss, despite this Court's previous order directing him to file any responses to dispositive motions within twenty days, the Court issued a Show Cause Order directing Plaintiff to show cause why his Amended Complaint should not dismissed for failure to prosecute. (Docket No. 54). Plaintiff filed his response to the Court's Show Cause Order on April 12, 2010. (Docket No. 55). In his response, Plaintiff sets forth arguments both in opposition to the motions to dismiss and in response to the Court's Show Cause Order.[2] (*Id.*). Accordingly, the Court considers the Plaintiff's submission as his response to the motions to dismiss.

No further submissions have been received, and Defendants' motions are fully briefed and ripe for disposition.

IV. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

---

[2] The Court notes that Plaintiff has also appealed the order denying his motion for appointment of counsel. (Docket No. 56). In this Court's estimation, his appeal does not divest the Court of jurisdiction to decide the pending motions to dismiss. *See Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)(holding that an appeal of a district court's denial of a motion to appoint counsel is a non-appealable interlocutory order).

1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); and FED. R. CIV. P. 8(a)(2)(a valid complaint requires only "a short and plain statement of the claim" showing entitlement to relief."). The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953; *Fowler*, 578 F.3d at 210-11. The Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Fowler*, 578 F.3d at 210; and *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556); *see also Fowler*, 578 F.3d at 210-11 (holding that in light of *Iqbal*, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts" pled are sufficient to show a "'plausible claim for relief.'"). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

As noted above, because Plaintiff is *pro se*, his allegations are liberally construed and he is held to a less stringent standard than an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the United States Court of Appeals for the Third Circuit and District Courts within the

Third Circuit, including this Court, have applied the *Iqbal* and *Twombly* factual plausibility standard when evaluating *pro se* complaints. *See e.g., Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009); *Goodson v. Maggi*, Civ. A. No. 08-44, 2010 WL 1006901 (W.D. Pa. Feb. 22, 2010); *Paschal v. Billy Beru*, Civ. A. No. 08-1144, 2009 WL 1099182 (W.D. Pa. Apr. 23, 2009), *aff'd*, 2010 WL 1401465 (3d Cir. 2010)(not reported); *Van Tassel v. Lawrence County Domestic Relations, et al.*, 659 F.Supp.2d 672 (W.D. Pa. 2009). Further, in light of *Twombly* and *Iqbal*, this Court need not credit a *pro se* plaintiff's conclusory factual and legal assertions. *Capogrosso*, 588 F.3d at 185-85.

V. DISCUSSION

    A. *Judicial Immunity*[3]

Judge McClure and Judge Munley are entitled to judicial immunity in this action. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)(quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam), and citing *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 536, 19 L.Ed. 285 (1868)). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for

---

[3] The Court notes that Plaintiff should be well aware of the fact that judges, state and federal, are entitled to judicial immunity. He has attempted to sue multiple members of the judiciary in Pennsylvania and each have been granted judicial immunity from his suits. *See e.g., Catanzaro v. County of Lackawanna, et al.*, Civ. A. No. 01-1865 (M.D.Pa. filed Sept., 26, 2001), *aff'd*, Docket No. 66 (3d Cir. Feb. 11, 2005)(unreported)(President Judge Chester T. Harhut and Senior Judge John Cottone of the Lackawanna Court of Common Pleas entitled to judicial immunity); *Catanzaro v. Cottone et al.*, Civ. A. No. 05-712 (M.D. Pa. filed Apr. 8, 2005), *aff'd*, Docket No. 47, 226 Fed.Appx. 164 (3d Cir. Apr. 27, 2007)(not precedential)(Judge John Cottone of the Lackawanna County Court of Common Pleas and Superior Court Judges Musmanno, Gantman and Beck entitled to judicial immunity); *Catanzaro v. Jones, et al.*, Civ. A. No. 05-1909 (M.D. Pa. filed Sept. 21, 2005), *aff'd*, Docket No. 64, 226 Fed.Appx. 220 (3d Cir. May 16, 2007)(Judges Jones, Harhut and Cottone entitled to judicial immunity).

damages." *Id*. (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and "[j]udicial immunity cannot be overcome by allegations of bad faith or malice" *Goldhaber v. Higgins*, 576 F.Supp.2d 694, 703 (W.D.Pa. 2007). Such immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

All of Plaintiff's claims against Judge McClure arise from his presiding over the '874 and '876 civil actions; Judge McClure issued orders dismissing Plaintiff's claims under Rule 12(b)(6) in the '874 action and entering summary judgment against him in the '876 action. The United States Court of Appeals for the Third Circuit summarily affirmed Judge McClure's decisions in both cases, *see Catanzaro v. Carbondale Housing Authority, et al.*, 262 F.3d 403 (3d. Cir. 2001)('874 action), *Catanzaro v. County of Lackawanna, et al.*, 262 F.3d 403 (3d Cir. 2001)('876 action), and Plaintiff's petition for a writ of ceriorari was denied by the Supreme Court of the United States, *see Catanzaro v. Carbondale Housing Authority*, 535 U.S. 935 (2002). Thus, as Judge McClure clearly engaged in judicial acts and had jurisdiction over Plaintiff's cases, he is entitled to judicial immunity.

Judge Munley did not preside over either of these actions, but he is named as a defendant in this case solely because he is a federal judge and is sued in that capacity. Plaintiff has not alleged any facts related to Judge Munley, other than that Defendant Rogan is his son-in-law and he is a member of the bench in the Middle District of Pennsylvania, where the '874 and '876 actions were filed. (Docket No. 36 at ¶¶ 7, 12-16, 44). Therefore, Plaintiff has alleged no facts that would overcome the general rule that Judge Munley is entitled to judicial immunity in this case. *See*

*Figueroa*, 208 F.3d at 440.

In addition, Plaintiff's "judicial conspiracy" claim "does not include a discernable factual basis" which would support an agreement or concerted action by the Judicial Defendants, amongst themselves, with the Attorney Defendants, or with any other persons. *Capogrosso*, 588 F.3d at 184-85. Plaintiff has merely asserted formulaic labels and conclusions regarding the alleged conspiracy against him. *Id*. Therefore, Plaintiff's claims against the Judicial Defendants are also subject to dismissal under Rule 12(b)(6). Accordingly, both Judge McClure and Judge Munley are entitled to judicial immunity from Plaintiff's suit and Plaintiff's claims against the Judicial Defendants are dismissed, with prejudice.[4]

B. *Statute of Limitations*

Plaintiff's claims against all of the Defendants are time-barred. Our Court of Appeals has succinctly recognized that:

> The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. Federal law governs a cause of action's accrual date. Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based.... As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. The cause of action accrues even though the full extent of the injury is not known or predictable.

---

[4] Plaintiff does not seek injunctive or equitable relief in this suit. Even if he had, such claims would be barred by the Federal Courts Improvement Act as the requirements for such a suit have not been met in this case. *See* Pub.L. No. 104-317, § 309(c); 110 Stat. 3847, 3853 (1996); 42 U.S.C. 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

12

*Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009)(internal quotations and citations omitted). The same legal principles are applicable to Plaintiff's § 1985(3) claims. *See Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). Plaintiff alleges that he was injured in this case when '874 action was dismissed on March 8, 2000, and when summary judgment was entered against him in the '876 action on July 26, 2000. (Docket No. 26 at ¶ 39). He knew or should have known of his alleged injuries on those dates. Thus, any causes of action arising from the adverse rulings in those cases accrued on March 8, 2000 and July 26, 2000, and his claims filed on May 15, 2009 are clearly time-barred.

Plaintiff's argument that his causes of action did not accrue until he was presented with the "Happenings Magazine" article on May 17, 2007 is unavailing. For one, the article is in a magazine dated December 2006, six months prior to his alleged receipt of same. (Docket No. 36 at 13-4). In addition, the article makes no mention of him, the '874 or '876 actions, or anything else even slightly bearing any relevance to this case. (*Id*.). It references only that Defendant Rogan is married to Julia K. Munley, Esquire, who is the daughter of Judge Munley. (*Id*.). Plaintiff alleges that upon receipt of this article, he "formed a distinct belief and had 'reason to know of the injury' ... that formed the basis of this instant lawsuit seeking damages for past injuries to which Plaintiff was deprived of in the '874 and '876 civil rights actions and manner of their outcomes indicating the existence of an unconstitutional 'impermissible motive'" that is, that the Defendants allegedly conspired to protect Defendant Rogan from Plaintiff's claims in the '874 and '876 actions. (Docket No. 36 at ¶ 13). In this Court's estimation, any alleged injuries were suffered by Plaintiff in 2000, and his causes of action accrued in 2000 "even though the full extent of [his injuries was] not known or predictable" at that time. *Kach*, 589 F.3d at 635. Finally, no equitable principles are applicable to toll the statute

of limitations in this case. *Id*. at 639-45. Accordingly, Plaintiff's § 1983 and § 1985(3) claims are barred by the statute of limitations and said claims are dismissed, with prejudice.

In addition, to the extent that Plaintiff has alleged claims of intentional infliction of emotional distress against the Defendants or a legal malpractice claim against Defendant Collins in his Amended Complaint, said claims are also untimely. Under Pennsylvania law, the statute of limitations for a claim of intentional infliction of emotional distress, an intentional tort, is two years, *see Bougher,* 882 F.2d at 80, 42 Pa.C.S. § 5524, while the statute of limitations for a legal malpractice action is two years for a claim that arises in tort and four years for one that arises in contract, *see Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570-71 (Pa.Super.Ct. 2007), 42 Pa.C.S. §§ 5524(3), 5525. Therefore, based on the above reasoning, these claims are time-barred as well.

  C.  *Plaintiff's Claims Against the Attorney Defendants*

Even if Plaintiff's claims against the Attorney Defendants were timely filed, his claims are still subject to dismissal under Rule 12(b)(6) as he has failed to state any claims for relief that are plausible on the face of his Amended Complaint.

To establish a valid § 1983 claim, a plaintiff must demonstrate "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Robb v. City of Philadelphia*, 733 F.2d 286, 290-91 (3d Cir.1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). For § 1983 purposes, actions taken "under color of law" are the equivalent of "state action" under the Fourteenth Amendment. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "Thus, to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." *Leshko*, 423 F.3d at 339. "A

14

person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)(quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

Private attorneys and public defenders are generally not considered state actors for §1983 purposes when acting in their capacities as attorneys. *See Angelico*, 184 F.3d at 277 (citing *Polk County v. Dobson*, 454 U.S. 312 (1981))("[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Plaintiff's claims against Defendant Rogan and Defendant Collins arise from their prior representation of him in the criminal and civil matters detailed in his Amended Complaint. Rogan represented him in the PFA proceedings in the Lackawanna County Court of Common Pleas, while Collins represented him in the '874 and '876 civil actions in the United States District Court for the Middle District of Pennsylvania. Therefore, the Attorney Defendants are both considered private individuals for § 1983 purposes.

Plaintiff has also not sufficiently pled a claim for conspiracy under § 1983. A private individual may be considered to be acting "under color of law" for § 1983 purposes if he or she engages in a conspiracy with state actors for the purpose of violating a plaintiff's protected civil rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)(citations omitted)("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions."). As noted above in reference to the Judicial Defendants, Plaintiff's conspiracy claims are insufficient as a matter of law as his allegations are merely improper legal conclusions without any plausible factual predicate. *See Capogrosso*, 588 F.3d at 184-85. Likewise, Plaintiff's

allegations that Defendant Collins had a *quid pro quo* deal with the other "defendants" to "tank" the '874 and '876 actions in favor of a matter styled *Kathryn Lesoine v. County of Lackawanna, PA*, Docket No. 3:98-cv-00764-ARC (M.D.Pa. filed May 5, 1998), are unfounded and implausible. Upon review of the docket in that matter, the Honorable A. Richard Caputo presided for the entirety of those proceedings and –aside from Defendant Collins' representation of Ms. Lesoine– there is no connection to any of the defendants in this action.

As the Supreme Court has recognized, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28. Here, the fact that Plaintiff was on the losing side of the criminal and civil matters referenced in his Amended Complaint does not make his attorneys co-conspirators or joint actors with Judge McClure or Judge Munley. In addition, the fact that Defendant Collins allegedly secured a settlement on behalf of another client in litigation before another judge in the Middle District of Pennsylvania around the same time period that the '874 and '876 actions were pending does not even remotely suggest that every member of the bench was somehow involved in a conspiracy against him. Plaintiff's allegations and arguments to the contrary, and the portion of the article attached to his Amended Complaint titled "Culture of Corruption" which discusses alleged criminal conduct by Luzerne County judges, do not buttress his unsupported conspiracy claims in this case.

Plaintiff has also failed to allege any facts in support of his § 1985(3) conspiracy claims.[5]

---

[5] 42 U.S.C. §§ 1985(1) and 1985(2) are plainly not applicable and no further discussion as to these sections is necessary. Moreover, § 1988 does not provide a private cause of action. 42 U.S.C. § 1988.

"In order to state a claim under [§] 1985(3), a plaintiff must allege that defendants, motivated by a class-based invidiously discriminatory animus, conspired to deprive plaintiff of the equal protection rights of the laws or of equal privileges and immunities under the laws and that plaintiff was thereby injured." *Bougher*, 882 F.2d at 79. Liberally construing his Amended Complaint, Plaintiff has made no allegations which would support such a claim.

Finally, even if Plaintiff's claims were not time-barred, given that the Court has dismissed all of his federal claims, the Court would decline to exercise supplemental jurisdiction over his claims for intentional infliction of emotional distress against all of the Defendants and his legal malpractice claim against Defendant Collins under Pennsylvania law.[6] *See* 28 U.S.C. 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.").

---

[6] Plaintiff has failed to state a claim for intentional infliction of emotional distress under Pennsylvania law. In order to state such a claim,

> [T]he conduct [allegedly engaged in by a defendant] must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society ... [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

*Toney v. Chester County Hosp.*, 961 A.2d 192, 202 (Pa.Super.Ct. 2008)(quoting *Reardon v. Allegheny College*, 926 A.2d 477, 488 (Pa. 2007))(additional citations omitted).

Plaintiff's legal malpractice claim against Defendant Collins is also subject to dismissal under Rule 12(b)(6) as he has failed to file a certificate of merit in support of his claim as is required under Pennsylvania law. *See Hill v. Knox, McLaughlin, Gornall & Sennett*, Civ. A. No. 08-92, 2009 WL 693252, at *3-4 (W.D. Pa. Mar. 13, 2009); PA.R.CIV.P. 1042.3.

D.  *Leave to Amend*

The United States Court of Appeals for the Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). This Court previously granted Plaintiff leave to amend his complaint, and his claims in his Amended Complaint are considered in this Memorandum Opinion. Given the Court's disposition of his claims, specifically that the Judicial Defendants are immune from suit and Plaintiff's claims against all of the Defendants are time-barred, any further amendment of Plaintiff's claims would be futile. Thus, all of his claims are dismissed, with prejudice, and further leave to amend is not granted.

The Court will also dismiss Plaintiff's claims against the unidentified defendants, "Does 1-5," with prejudice. Our Court of Appeals has recognized that "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003)(citing *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986)). Thus, as Plaintiff's claims against the named defendants are time-barred, they are likewise barred against the unnamed defendants. Any amendment of Plaintiff's complaint to add parties to this action would be futile. Accordingly, Plaintiff's claims against the John Doe defendants are dismissed, with prejudice.

VI. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss [42], [44], [46] are GRANTED and Plaintiff's Amended Complaint is dismissed, with prejudice. Plaintiff is not granted leave to further amend his claims. An appropriate Order follows.

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        United States District Judge

Date: April 27, 2010

cc/ecf: All counsel of record

cc: Anthony P. Catanzaro
     Apartment 5-D, Veterans Dr.
     Dickson City, PA 18519
     (regular and certified mail)